# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,          :

    Respondent,                                :

                                                                            Case No. 3:10mc00017

                                          :

  vs.                                                                   District Judge Timothy S. Black

                                          :           Magistrate Judge Sharon L. Ovington

DONALD J. OWENS, JR.,

                                          :

    Defendant.

                                          :

## REPORT AND RECOMMENDATIONS[1]

Donald J. Owens, Jr., proceeding without counsel, has filed a Motion Requesting the Court to Order the Return of the Seized Property that was taken on December 12, 2005, Pursuant to Federal Rule of Criminal Procedure 41(e).  (Doc. #1).  Owens' Motion states, in part, "Upon being arrested, the officer seized $9,610.00 in U.S. currency from the defendant.  This $9,610.00 was subsequently turned over to the custody and control of the Dayton Police Department, and later converted into an official check (Check No. 1177528), which was made payable to the U.S. Marshals Service, and ultimately turned over to the Police Department in Dayton, Ohio."   (Doc. #1).  Owens asserts that the $9,610.00 "was never made the subject of any civil forfeiture proceedings nor was it used as evidence in the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

defendant['s] prosecution, which is contrary to due process." *Id*.

In early October 2010 the Clerk of Court notified Plaintiff by letter to either pay the required filing fee or complete an application to proceed in forma pauperis. On November 3, 2010, having received no response from Plaintiff, the Court ordered him to show cause why his case should not be dismissed due to his failure to prosecute. (Doc. #2). The deadline – November 22, 2010 – for Plaintiff to show cause has come and gone without any response from him. In addition, he has not taken any significant action in this case since filing his initial motion. The record therefore lacks any explanation for Plaintiff's failure to respond to the court's Order to Show Cause and likewise lacks any indication that he intends to prosecute this matter. An Order denying Plaintiff's Motion and dismissing this miscellaneous case is therefore warranted. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion (Doc. #1) be denied; and
2. The case be terminated on the docket of this Court.

December 6, 2010                            s/Sharon L. Ovington
                                                     Sharon L. Ovington
                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).